Zimmerman, J.
The bill of exceptions discloses that the downstairs and upstairs of the residence property in issue were not divided by partitions to form separate and independent units. The arrangements and facilities were such that a person or a family could occupy the whole house, or the downstairs of the house could be occupied by a person or family and another person or family could occupy the upstairs. The stairway down which plaintiff fell entered directly into the occupied downstairs living quarters, and access to the outside was through a door at the side of the house.
Section 4107.14, Revised Code, claimed as applying to the present case, is in the chapter entitled Division of Workshops and Factories and reads as follows:
“In tenement houses, apartments, manufactories, mills, shops, stores, churches, hotels, halls for public meetings, lee *474 ture rooms, restaurants, public library rooms, business offices of professional men and others doing business for or with the public, all public buildings, and other rooms or places of public resort or use, whether for the transaction of business or social enjoyment, the owners, directors, trustees, lessees, managers, controllers, or proprietors thereof shall provide and maintain for all stairs or stairways for ingress or egress, a substantial handrail extending from the top to the bottom thereof, and firmly fastened to the wall or other support or partition at the side of such stairs. The handrail shall be constructed of wood not less than one and one-half inches wide and two and one-half inches thick or of iron not less than one and one-half inches in diameter^
“No owner or person in charge, as director, trustee, lessee, manager, or proprietor, of such stairs or stairways shall neglect or refuse to provide and maintain in good repair such handrail. Such owner or person is liable to any person injured because of the want of such handrail and for any injury or damages to a person resulting from a defective handrail.” (Emphasis supplied.)
Taldng the quoted section in its entire context and invoking the rule of noscitur a sotáis, i. e., the meaning of words may be indicated or controlled by those with which they are associated, it is hard to escape the conclusion that such section, by the use of the word, “apartments,” in conjunction with the descriptive words accompanying it, is designed and intended to apply to premises of a more or less public character, habitually frequented by numbers of people. Therefore, it is at least doubtful whether the statute covers premises of the kind involved in the instant case.
Plaintiff was the only witness who described the cause of her fall, and the entire evidence on the subject, evoked during plaintiff’s direct examination, is as follows:
“Q. Did you spend the night [the night of March 29] there? A. Yes, I did.
“Q. The following morning, March 30, 1956, I want you to tell the jury just what happened. A. It was approximately 7:30 and I was leaving my apartment to go to work and I fell down the stairs. I don’t know whether I slipped or tripped or what *475 happened. All of a sudden I was flying down and automatically reached for a handrail because there was one at my father’s apartment, and I know I could, have prevented the fall had there been a handrail—
“Mr. Fitch: I object and move the latter part stricken.
“The Court: Sustained and the latter part will be stricken. The jury will disregard the latter part.”
Why plaintiff “slipped or tripped” is left to conjecture, and whether in the circumstances the presence of a handrail would have prevented the fall is of too speculative a nature to leave to a jury’s guess. See Gedra v. Dallmer Co., 153 Ohio St., 258, 91 N. E. (2d), 256, 17 A. L. R. (2d), 453, and Boles v. Montgomery Ward & Co., 153 Ohio St., 381, 388, 389, 92 N. E. (2d), 9, 13.
Moreover, if we assume that defendant was subject to the handrail statute and was negligent as a matter of law in not providing a handrail, the testimony given by plaintiff was too meager and inconclusive to support a finding that such negligence was the direct or proximate cause of plaintiff’s unfortunate mishap. It need hardly be added that in order to recover for a negligent act it is essential to show that it was a proximate cause of the result complained of.
Consequently, we are of the opinion that the trial court properly directed a verdict and entered judgment for the defendant, and that the Court of Appeals erred to the prejudice of defendant in reversing. The judgment of the Court of Appeals is reversed, and the judgment of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.